**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Landeros,<br><br>     Petitioner,<br><br>v.<br><br>David Shinn, [1] *et al.*,<br><br>     Respondents. | No. CV-17-0182-TUC-RCC (BGM)<br><br>**REPORT AND RECOMMENDATION** |

  Currently pending before the Court is Petitioner Jesus Landeros's Petition Pursuant to 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("Petition") (Doc. 1). Respondents have filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 24), and Petitioner did not file a reply. The Petition is ripe for adjudication.

  Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[2] this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Court deny the Petition (Doc. 1).

. . .

. . .

---

[1] The Court takes judicial notice, that Charles Ryan is no longer the Director of the Arizona Department of Corrections ("AZDOC"). As such, the Court will substitute the Director of the AZDOC, David Shinn, as a Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Rules of Practice of the United States District Court for the District of Arizona.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

   *A.     Initial Charge and Sentencing*

On August 18, 2015, Petitioner pleaded guilty to one count of attempted possession of a dangerous drug for sale (methamphetamine). Answer (Doc. 24), Ariz. Superior Ct., Greenlee County, Case No. CR2015-0045, Minute Entry—Change of Plea 8/18/2015 (Exh. "A") (Doc. 25). Defendant admitted that on May 31, 2015, he had methamphetamine in his house in Clifton, Arizona in Greenlee County. Answer (Doc. 24), Ariz. Superior Ct., Greenlee County, Case No. CR2015-0045, Hr'g Tr. 8/18/2015 (Exh. "C") (Doc. 25) at 8:23–9:10. Defendant confirmed that he knew it was approximately 13.1 ounces of methamphetamine and that he had it for the purpose of selling it. *Id.*, Exh. "C" (Doc. 25) at 9:11–23.

On September 1, 2015, Petitioner was sentenced to an aggravated term of 8.75 years of imprisonment. Answer (Doc. 24), Ariz. Superior Ct., Greenlee County, Case No. CR2015-0045, Sentence of Imprisonment 9/1/2015 (Exh. "D") (Doc. 25).

   *B.     Post-Conviction Relief Proceeding*

On June 1, 2016, Petitioner filed his Notice of Post-Conviction Relief ("PCR"). Answer (Doc. 24), Ariz. Superior Ct., Greenlee County, Case No. CR2015-0045, Def.'s Not. of PCR 6/1/2016 (Exh. "F") (Doc. 25). Petitioner was appointed counsel who filed a notice indicating that he could not locate any meritorious or colorable claims in the case. Answer (Doc. 24), Court of Appeals, State of Arizona, Case No. 2 CA-CR 2016-00383-PR, Resp. to Pet. for Review of PCR (Exh. "L") (Doc. 26) at 62.[3] On September 14, 2016, Petitioner filed his *pro se* Petition for Post-Conviction Relief. Answer (Doc. 24), Ariz. Superior Ct., Greenlee County, Case No. CR2015-0045, Def.'s Pet. for PCR 9/14/2016 (Exh. "G") (Doc. 25). Petitioner asserted two claims for relief, including that he was "unlawfully induced [into a] plea of guilty or no contest" and that his attorney allegedly failed "to file a timely notice of appeal after being instructed to do so." *Id.*,

---

[3] Page citations refer to the CM/ECF page number for ease of reference. Page and line designations within hearing transcripts are the exception to this rule.

Exh. "G" (Doc. 25) at 52.  The State of Arizona filed its response, and urged dismissal because Petitioner's Rule 32 petition was untimely.  *See* Answer (Doc. 24), Ariz. Superior Ct., Greenlee County, Case No. CR2015-0045, Resp. to Pet. for PCR 9/28/2016 (Exh. "H") (Doc. 26).  The State further argued that even if Petitioner's Petition was deemed timely, it was without merit.  *See id.*, Exh. "H."  On October 6, 2016, Petitioner filed his reply.  Answer (Doc. 24), Ariz. Superior Ct., Greenlee County, Case No. CR2015-0045, Pet.'s Reply to Resp. to Pet. for PCR (Exh. "I") (Doc. 26).  Petitioner asserted that he is entitled to a lower sentence because there was a slight discrepancy between the quantity of methamphetamine that Petitioner pled guilty to possessing (366.8 grams) and the amount included in the presentence report (377 grams), which in Petitioner's view, resulted in a faulty plea.  *Id.*, Exh. "I" at 44–45.

### 1. PCR Order

On October 17, 2016, the Rule 32 court denied Petitioner's petition as untimely.  *See* Answer (Doc. 24), Ariz. Superior Ct., Greenlee County, Case No. CR2015-0045, Decision 10/17/2016 (Exh. "J") (Doc. 26).  The Rule 32 court rejected Petitioner's claim that his Petition was untimely because he was not provided a notice of his rights by his counsel.  *Id.*, Exh. "J" at 48.  The Rule 32 court noted that "Jesus Landeros heard his rights explained to him at sentencing **and** was provided written notice in English and Spanish following sentencing."  *Id.*, Exh. "J" at 48 (emphasis in original).  The Rule 32 court further observed that "[a]t the Change of Plea hearing, the sentencing range was made very clear to Jesus Landeros."  *Id.*, Exh. "J" at 49.  The court held that "Jesus Landeros' allegation of ineffective assistance of counsel is contradicted by the record."  *Id.*, Exh. "J" at 49.

### 2. PCR Appeal

On November 3, 2016, Petitioner sought review of the denial of his PCR petition by the Arizona Court of Appeals.  *See* Answer (Doc. 24), Court of Appeals, State of Arizona, Case No. 2 CA-CR 2016-00383-PR, Pet.'s Pet. for Review (Exh. "K") (Doc. 26).  Petitioner asserted that because there was an unresolved question of fact, he was

denied his right to confrontation and ineffective assistance of counsel occurred. *Id.*, Exh. "K" at 53–56. Petitioner further asserted that his constitutional right to an appeal was violated. *Id.*, Exh. "K" at 57. Petitioner also urged that he was entitled to a four (4) year sentence of imprisonment under the plea agreement. *Id.*, Exh. "K" at 58–59.

On December 7, 2016, the State filed its response and asserted that Petitioner had not challenged the Rule 32 court's holding that his Notice of PCR was untimely. *See* Answer (Doc. 24), Court of Appeals, State of Arizona, Case No. 2 CA-CR 2016-00383-PR, Resp. to Pet. for Review of PCR (Exh. "L") (Doc. 26). The State further observed that the remainder of Petitioner's arguments were without merit. *Id.*, Exh. "L" at 64–66.

On January 10, 2017, the Arizona Court of Appeals denied review. *See* Answer (Doc. 24), Court of Appeals, State of Arizona, Case No. 2 CA-CR 2016-00383-PR, Mem. Decision 1/10/2017 (Exh. "M") (Doc. 26). The appellate court observed that "[t]o the extent [it] was able to follow [Petitioner's] arguments, Landeros appear[ed] to assert new claims that were not addressed by the trial court and so are not properly before [the appellate court] on review." *Id.*, Exh. "M" at 71 (citing Ariz. R. Crim. P. 32.9(c)(1)(ii); then citing *State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (Ariz. Ct. App. 1980)). In light of Petitioners "failure to comply with Rule 32.9[,]" the appellate court summarily denied review. *Id.*, Exh. "M" at 72. On September 8, 2017, the Arizona Court of Appeals issued its mandate. Answer (Doc. 24), Court of Appeals, State of Arizona, Case No. 2 CA-CR 2016-00383-PR, Mandate 9/8/2017 (Exh. "N") (Doc. 26).

### C.     *The Instant Habeas Proceeding*

On April 24, 2017, Petitioner filed his Petition Pursuant to 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1). Petitioner asserts three (3) grounds for relief. First, Petitioner alleges that "PRECLUSION OF QUESTION ON EVIDENCE OPERATED TO DENY DEFENDANTS [sic] HIS CONSTITUTIONAL RIGHTS 6th [sic] and 14th AMENDS TO CONFRONTATION COUNSELS [sic] REFUSAL TO SPECIFIC [sic] ACTS RESULTING IN PREJUDICE ON ACCEPTING OR REJECTING A STATE PLEA

SET IN PLACE FEDERAL COMPARABLE PROCEDURE[.]" *Id.* at 6 (emphasis in original). Petitioner further urges that "[u]ntimely disclosures at sentence [sic] violated defendants [sic] rights at sentencing when requirements and standards are not met set in place ARIZ. R. EVIDENCE 410 Federal comparable procedure." *Id.* at 7 (emphasis in original). Second, Petitioner asserts that "[t]he Question Presented (is) it FAIR JUDICIOUSLY FOR THE COURT TO TAKE ADVANTAGE OF A DEFENDANTS [sic] RIGHT TO DUE PROCESS WHENEVER IT PLEASE THE GOVERNMENT TO DENY A STATE AND FEDERAL RULE SET IN PLACE TO PROTECT THE RIGHTS OF INDIVIDUALS [sic] RIGHTS [sic] THAT BALANCES THE DUE PROCESS REQUIREMENT." *Id.* at 8 (emphasis in original). Petitioner asks if the trial court erred (1) "by not using the requirements rules of evidence in a Plea agreement with COUNSEL PRESENT"; (2) "determining the FACTS under the DEADLINE requirements"; (3) "by not correcting the discrepancy before the deadline BEFORE SENTENCE [sic]." *Id.* (emphasis in original). Petitioner also posits "[i]f counsel is PRESENT WHEN THE FACTS are in dispute can this result in a [sic] ineffective assistance of counsel at sentencing[.]" Petition (Doc. 1) at 8 (emphasis in original). Third, Petitioner asserts that his counsel was ineffective because he "WILLINGLY JOINED PROSECUTORS [sic] PARTY TO DENY HIS CLIENT HIS U.S. CONST 6th and 14th Amendments [sic]." *Id.* at 10 (emphasis in original). Petitioner contends that "issues of FACTS presented at sentence [sic]; before accepting a plea . . . moved from a 4 year agreement to a 8.75 not agreed upon by client[.]" *Id.* (emphasis in original).

On February 28, 2018, Respondents filed their Limited Answer (Doc. 24), and Petitioner did not reply.

## II. STANDARD OF REVIEW

### A. *In General*

The federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground

that he is in custody *in violation of the Constitution or laws of treaties of the United States.*" 28 U.S.C. § 2254(a) (emphasis added).  Moreover, a petition for habeas corpus by a person in state custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011).  Correcting errors of state law is not the province of federal habeas corpus relief.  *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991).  Ultimately, "[t]he statute's design is to 'further the principles of comity, finality, and federalism.'"  *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S. Ct. 2842, 2854, 168 L. Ed. 2d 662 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003)).  Furthermore, this standard is difficult to meet and highly deferential "for evaluating state-court rulings, [and] which demands that state-court decisions be given the benefit of the doubt."  *Pinholster*, 563 U.S. at 181, 131 S. Ct. at 1398 (citations and internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, mandates the standards for federal habeas review.  *See* 28 U.S.C. § 2254.  The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court."  *Burt v. Titlow*, 571 U.S. 12, 19, 134 S. Ct. 10, 16, 187 L. Ed. 2d 348 (2013).  Federal courts reviewing a petition for habeas corpus must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'"  *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)).  Moreover, on habeas review, the federal courts must consider whether the state court's determination was unreasonable, not merely incorrect.  *Id.*, 550 U.S. at 473, 127 S. Ct. at

1939; *Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013). Such a determination is unreasonable where a state court properly identifies the governing legal principles delineated by the Supreme Court, but when the court applies the principles to the facts before it, arrives at a different result. *See Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011); *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); *see also Casey v. Moore*, 386 F.3d 896, 905 (9th Cir. 2004). "AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt*, 134 S. Ct. at 10 (quoting *Harrington*, 562 U.S. at 103, 131 S. Ct. at 786–87) (alterations in original).

### B.   Exhaustion of State Remedies

Prior to application for a writ of habeas corpus, a person in state custody must exhaust all of the remedies available in the State courts. 28 U.S.C. § 2254(b)(1)(A). This "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520, 102 S. Ct. 1198, 1204, 71 L. Ed. 2d 379 (1982). As such, the exhaustion doctrine gives the State "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004) (internal quotations omitted). Moreover, "[t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose*, 455 U.S. at 518, 102 S. Ct. at 1203 (internal citations omitted). This upholds the doctrine of comity which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Id.* (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S. Ct. 587, 590, 94 L. Ed. 761 (1950)).

Section 2254(c) provides that claims "shall not be deemed . . . exhausted" so long as the applicant "has the right under the law of the State to raise, by any available

procedure the question presented." 28 U.S.C. § 2254(c). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971). The fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds). Furthermore, in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court." *Baldwin*, 541 U.S. at 29, 124 S. Ct. at 1349. "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (9th ed. 1998)).

In Arizona, however, for non-capital cases "review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F.Supp.2d 925 (D. Ariz. 2007); *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998). Additionally, the Supreme Court has further interpreted § 2254(c) to recognize that once the state courts have ruled upon a claim, it is not necessary for an applicant to seek collateral relief for the same issues already decided upon direct review. *Castille v. Peoples*, 489 U.S. 346, 350, 109 S. Ct. 1056, 1060, 103 L. Ed. 2d 380 (1989).

### C. Procedural Default

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S. Ct. 2546, 2555, 115 L. Ed. 2d 650 (1991). Moreover, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.*, 501 U.S. at 728, 111 S. Ct. at 2254. This is true whether the state law basis is substantive or procedural. *Id.* (citations omitted). Such claims are considered procedurally barred from review. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).

The Ninth Circuit Court of Appeals explained the difference between exhaustion and procedural default as follows:

> The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations omitted). Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

*Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005). Thus, a prisoner's habeas petition may be precluded from federal review due to procedural default in two ways. First, where the petitioner presented his claims to the state court, which denied relief based on independent and adequate state grounds. *Coleman*, 501 U.S. at 728, 111 S. Ct. at 2254. Federal courts are prohibited from review in such cases because they have "no

power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Id.* Second, where a "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1, 111 S. Ct. at 2557 n.1 (citations omitted). Thus, the federal court "must consider whether the claim could be pursued by any *presently available* state remedy." *Cassett*, 406 F.3d at 621 n.6 (quotations and citations omitted) (emphasis in original).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S. Ct. 1060, 1068, 103 L. Ed. 2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice); *see also Smith v. Murray*, 477 U.S. 527, 534, 106 S. Ct. 2661, 2666, 91 L. Ed. 2d 434 (1986) (recognizing "that a federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial."). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as such] there is no basis on which to address the merits of his claims."). In addition to cause, a habeas petitioner must show actual prejudice, meaning that he "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494, 106 S. Ct. at 2648 (emphasis in original) (internal

quotations omitted). Without a showing of both cause and prejudice, a habeas petitioner cannot overcome the procedural default and gain review by the federal courts. *Id.*, 106 S. Ct. at 2649.

The Supreme Court has recognized, however, that "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (quoting *Engle v. Isaac*, 456 U.S. 107, 135, 102 S. Ct. 1558, 1572–73, 71 L. Ed. 2d 783 (1982)). "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'" *Herrara v. Collins*, 506 U.S. 390, 404, 113 S. Ct. 853, 862, 122 L. Ed. 2d 203 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S. Ct. 2616, 2627, 91 L. Ed. 2d 364 (1986)). Thus, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrara*, 506 U.S. at 404, 113 S. Ct. at 862. Further, in order to demonstrate a fundamental miscarriage of justice, a habeas petitioner must "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

In Arizona, a petitioner's claim may be procedurally defaulted where he has waived his right to present his claim to the state court "at trial, on appeal or in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a)(3). "If an asserted claim is of sufficient constitutional magnitude, the state must show that the defendant 'knowingly, voluntarily and intelligently' waived the claim." *Id.*, 2002 cmt. Neither Rule 32.2. nor the Arizona Supreme Court has defined claims of "sufficient constitutional magnitude" requiring personal knowledge before waiver. *See id.*; *see also Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002). The Ninth Circuit Court of Appeals recognized that this

assessment "often involves a fact-intensive inquiry" and the "Arizona state courts are better suited to make these determinations." *Cassett*, 406 F.3d at 622.

## III. STATUTE OF LIMITATIONS

### A. *Timeliness*

As a threshold matter, the Court must consider whether Petitioner's petition is barred by the statute of limitation. *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The other subsections being inapplicable, Petitioner must have filed his habeas petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also McQuiggin v. Perkins*, 569 U.S. 383, 133 S.Ct. 1924,

1929, 185 L.Ed.2d 1019 (2013). On September 1, 2015, Petitioner was sentenced after a plea of guilty. *See* Answer (Doc. 24), Ariz. Superior Ct., Greenlee County, Case No. CR2015-0045, Sentence of Imprisonment 9/1/2015 (Exh. "D") (Doc. 25). As such, Petitioner had ninety-five (95) days to file his Notice for Post-Conviction Relief ("PCR"). Ariz. R. Crim. P. 32.4(a)[4] ("In a Rule 32 of-right proceeding, the notice must be filed within ninety days after the entry of judgment and sentence[.]"); Ariz. R. Crim. P. 1.3(a)[5] ("[w]henever a party has the right or is required to take some action within a prescribed period of service of a notice or other paper . . . five calendar days shall be added to the prescribed period.").

As such, pursuant to the AEDPA, Petitioner's one-year limitation period expired, absent tolling, on December 5, 2016. *See White*, 281 F.3d at 924 ("[T]he question of when a conviction becomes final, so as to start the running of the statute of limitations under § 2244(d)(1)(A), is fundamentally different from the question of how long the statute of limitations is tolled under § 2244(d)(2)."). Petitioner filed his Petition (Doc. 1) on April 24, 2017. Therefore, absent tolling, the Petition (Doc. 1) is untimely.

### B. *Statutory Tolling of the Limitations Period*

The limitations period is tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2); *Allen v. Siebert*, 552 U.S. 3, 4, 128 S.Ct. 2, 3, 169 L.Ed.2d 329 (2007). An application for State post-conviction relief is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000). Statutory tolling of the limitations period ends "[a]fter the State's highest court has issued its mandate or denied review, [because] no other state avenues for relief remain open." *Lawrence v. Florida*, 549 U.S. 327, 332,

---

[4] In 2018 this section was renumbered to Ariz. R. Crim. P. 32.4(a)(2)(C).

[5] In 2018 this section was modified. The current rule excepts court-generated documents from additional time. *See* Ariz. R. Crim. P. 1.3(a)(5).

- 13 -

127 S.Ct. 1079, 1083, 166 L.Ed.2d 924 (2007); *see also Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007) (collateral proceeding "determined" when the Arizona Supreme Court denied petition for review).

"[I]n Arizona, post-conviction 'proceedings begin with the filing of the Notice.'" *Hemmerle*, 495 F.3d at 1074 (quoting *Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054 (9th Cir. 2004)). Petitioner filed his Notice of Post-Conviction Relief on June 1, 2016. Answer (Doc. 24), Ariz. Superior Ct., Greenlee County, Case No. CR2015-0045, Def.'s Not. of PCR 6/1/2016 (Exh. "F") (Doc. 25). On October 17, 2016, the Rule 32 court denied Petitioner's petition as untimely. *See* Answer (Doc. 24), Ariz. Superior Ct., Greenlee County, Case No. CR2015-0045, Decision 10/17/2016 (Exh. "J") (Doc. 26). On January 10, 2017, the Arizona Court of Appeals summarily denied review. *See* Answer (Doc. 24), Court of Appeals, State of Arizona, Case No. 2 CA-CR 2016-00383-PR, Mem. Decision 1/10/2017 (Exh. "M") (Doc. 26). "In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." *Pace v. DiGuglielmo*, 544 U.S. 408, 413, 125 S. Ct. 1807, 1811–12, 161 L. Ed. 2d 669 (2005). Therefore, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414, 125 S. Ct. at 1812 (second alteration in original). Petitioner's PCR notice was untimely and therefore not "properly filed." As such, it did not toll AEDPA's one-year statute of limitations.

### C. *Equitable Tolling of the Limitations Period*

The Supreme Court of the United States has held "that § 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). The Ninth Circuit Court of Appeals "will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (quotations and citations omitted). Moreover,

Petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); *see also Holland*, 130 S. Ct. at 2562 (quoting *Pace*).

Petitioner's Petition (Doc. 1) is devoid of any facts to support that he had been pursuing his rights diligently. Furthermore, Petitioner has failed to meet the "very high threshold" of establishing that extraordinary circumstances beyond his control made it impossible for him to timely file a habeas petition *and* that those extraordinary circumstances were the cause of his untimeliness. *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). As such, Petitioner is not entitled to equitable tolling and his habeas petition is untimely. The Court recommends that Petitioner's Petition (Doc. 1) be denied because it is untimely.

## IV. MERITS ANALYSIS

Although the Court finds that Petitioner's Petition (Doc. 1) is untimely, even if it were deemed to be timely, Petitioner failed to fairly present his claims to the state court.

### A. *Ground One and Three: Ineffective Assistance of Counsel*

Petitioner alleges that an unresolved question regarding the quantity of methamphetamine prior to his change of plea hearing and his counsel's apparent failure to resolve the issue resulted in his receiving ineffective assistance of counsel *See* Petition (Doc. 1) at 6–7. Petitioner also contends that this alleged ineffectiveness resulted in his receiving an 8.75 year term of imprisonment, instead of a 4 year term. *Id.* at 10.

As discussed in Section II.B., *supra*, prior to bringing a claim to federal court, a habeas petitioner must first present all claims to the state court. *Rose v. Lundy*, 455 U.S. 509, 520, 102 S. Ct. 1198, 1204, 71 L. Ed. 2d 379 (1982). The fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition. *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly

presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds).  Merely labeling a claim "federal" or making a passing reference to the United States Constitution does not constitute "fair presentment."  *See Baldwin v. Reese*, 541 U.S. at 33, 124 S. Ct. at 1351; *see also Duncan v. Henry*, 513 U.S. 364, 365–66 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").  Moreover, Petitioner cannot expect the state court to read beyond the four corners of the petition to meet the fair presentation requirement.  *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds).

Here, Petitioner did not present any claims suggesting ineffective assistance of counsel at his change of plea hearing to the Rule 32 court.  *See* Answer (Doc. 24), Ariz. Superior Ct., Greenlee County, Case No. CR2015-0045, Def.'s Pet. for PCR 9/14/2016 (Exh. "G") (Doc. 25).  His only mention of such claims were made to the Arizona Court of Appeals.  Answer (Doc. 24), Court of Appeals, State of Arizona, Case No. 2 CA-CR 2016-00383-PR, Pet.'s Pet. for Review (Exh. "K") (Doc. 26) at 53–56.  "[I]neffective assistance claims are not fungible, but are instead highly fact-dependent, [requiring] some

baseline explication of the facts relating to [them.]" *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007). As such, the claims would now be precluded and meet the technical requirements for exhaustion. Ariz. R. Crim. P. 32.2(a)(3) (2016); *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court"). Therefore, Petitioner's claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 2557 n.1, 115 L. Ed. 2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S. Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S. Ct. 2639, 2648, 91 L. Ed. 2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims."). Neither has Petitioner "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). As such, Petitioner has failed to meet the cause and prejudice standard or demonstrate a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 748, 111 S. Ct. at 2564 (citations and quotations omitted). Accordingly, Petitioner's claims regarding

ineffective assistance of counsel during his change of plea hearing are denied.

### B.     Ground Two: Due Process

Petitioner alleges his due process rights were violated during his change of plea hearing. Petition (Doc. 1) at 8–9. As discussed in Section IV.A., *supra*, Petitioner did not fairly present this claim to the state courts. *See* Answer (Doc. 24), Ariz. Superior Ct., Greenlee County, Case No. CR2015-0045, Def.'s Pet. for PCR 9/14/2016 (Exh. "G") (Doc. 25). As such, the claim would now be precluded and meet the technical requirements for exhaustion. Ariz. R. Crim. P. 32.2(a)(3) (2016); *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court"). Therefore, Petitioner's claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 2557 n.1, 115 L. Ed. 2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S. Ct. 2639, 2648, 91 L. Ed. 2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted). Neither has Petitioner "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). As such, Petitioner has failed to meet the cause and prejudice standard or demonstrate a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 748, 111 S. Ct. at 2564 (citations and quotations omitted). Accordingly, Petitioner's claim of a due process violation is denied.

. . .

. . .

## V. CONCLUSION

Based upon the foregoing, the Court finds that Petitioner's Petition (Doc. 1) is untimely and should be denied. Alternatively, Petitioner's claims are procedurally defaulted and should be denied.

## VI. RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order DENYING Petitioner's Petition Pursuant to 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2), Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-17-0182-TUC-RCC**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

Dated this 30th day of July, 2020.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge